# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN P. HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:13-CV-338 |
| | ) | |
| CITY OF EAST CHICAGO and | ) | |
| UNKNOWN POLICE OFFICER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff John P. Hamilton's complaint and petition to proceed *in forma pauperis*. For the reasons set forth below, pursuant to 28 U.S.C. § 1915(e)(2), the Court **DENIES** the Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** the Plaintiff's complaint **WITHOUT PREJUDICE.**

BACKGROUND

The Plaintiff alleges that, while waiting on a street corner near his home to retrieve a package from a United States Postal Worker, an unknown police officer sitting in his police car honked his horn and gestured for the Plaintiff to come toward him. Initially the Plaintiff, the postal worker, and a third individual looked at the officer but simply turned away, presumably returning to their business. The officer then honked a second time. This time, he pointed at the Plaintiff and gestured for the Plaintiff to

come to him. The Plaintiff walked toward the officer's vehicle. The officer then told the Plaintiff that there had been a report of a suspicious person in the area. According to the complaint, the Plaintiff said, "well you know they weren't talking about me because you've been here since I walked up." The officer agreed with the Plaintiff, and then asked him why he was standing on the street corner. He produced a notice of parcel receipt from his pocket. The officer then said okay and radioed in to his dispatcher. Thereafter, the Plaintiff returned to the United States postal vehicle and retrieved his parcel. According to the Plaintiff, the officer engaged in wanton and wilful misconduct designed to make the plaintiff appear as a criminal.

Based on these facts, Plaintiff asserts that "the unknown officer had no probable cause for illegal search and seizure of the plaintiff," and that the officer violated the Fourth and Fifth Amendments of the United States Constitution and section 11 of the Indiana State Constitution. He seeks $10,000,000.00 in damages.

DISCUSSION

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in*

*forma pauperis* if the allegation of poverty is untrue or if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. § 1915(e)(2).  If a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court."  *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law.  *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004).  To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation.  *West v. Atkins*, 487 U.S. 42 (1988).

The Fourth Amendment states it is "the right of the people to be secure in their person, houses, papers, and effects against unreasonable searches and seizures[.]"  U.S. Const. Am. IV.  To determine whether a cause of action has been stated, courts determine whether the alleged conduct constituted a search or seizure, and if so, whether it was unreasonable in light of the facts.  A person has been "seized" for purposes of the Fourth Amendment if "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not

free to leave." *Gentry v. Sevier*, 597 F.3d 838, (7th Cir. 2010)(quoting *Michigan v. Chesternut*, 486 U.S. 567 (1988), in turn quoting in part *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, and its proper application requires careful attention to the facts and circumstances of each particular case." *Brokaw v. Mercer County*, 235 F.3d 1000, 1010 (7th Cir. 2000) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). According to the United States Supreme Court:

> Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen. Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and request consent to search luggage - provided they do not induce cooperation by coercive means. If a reasonable person would feel free to terminate the encounter, then he or she has not been seized.

*United States v. Drayton*, 536 U.S. 194, 200-201 (2010); *see also United States v. Adamson*, 441 F.3d 513, 519-20 (7th Cir. 2006)("It is well settled that police may approach an individual in a public place and seek the individual's cooperation in answering a few questions. Such an encounter is not a "seizure" within the meaning of the Fourth Amendment.").

The following factors are considered in determining whether a

4

stop was consensual:

> whether the encounter took place in public, whether the suspect consented to speak to police, whether the officers told the suspect that he was not under arrest and free to leave, whether the suspect was moved to another area, the number of officers present and whether they displayed weapons or physical force.

*Id.* (citing *United States v. Robinson*, 30 F.3d 774, 782 (7th Cir.1994)). The Court has considered these factors with regards to Hamilton's Fourth Amendment Claim, and concludes that Plaintiff has alleged nothing other than a brief, consensual encounter with a police officer.

The Fifth Amendment provides that, "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Am. V. Plaintiff's claim under the Fifth Amendment is so vague that the Court is left to guess how Plaintiff thinks the Fifth Amendment is implicated. Nevertheless, to the extent he is trying to allege a violation of his *Miranda* rights, he has no valid claim because he does not allege that any of his statements were used against him in court. *Chavez v. Martinez*, 538 U.S. 760, 766-67 (2003) (failure to give *Miranda* warning alone is not actionable under the Fifth Amendment unless the defendant gave a statement in response to coercive police questioning that was used against him in a criminal proceeding); *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1024-25 (7th Cir. 2006) ("After Chavez . . . violation of the Miranda safeguards cannot provide the basis for § 1983

liability without use of a suspect's statements against him in a 'criminal case.'"). Accordingly, the Plaintiff has failed to state a Fifth Amendment claim against either the City of East Chicago or the unknown officer.

Plaintiff also asserts a claim under Section 11 of the Indiana Constitution. Because the federal claims must be dismissed, the court will also dismiss this state law claim without prejudice. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c).").

CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (DE 2) and pursuant to 28 U.S.C. § 1915(e)(2), **DISMISSES** his complaint **WITHOUT PREJUDICE**.

**DATED: November 7, 2013**     /S/RUDY LOZANO, Judge
                                             **United States District Court**